JSN

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee

V.

Marcus Roosevelt Taylor,
Defendant- Appellant, Pro se

| Case No.: 19-7246 (L); 21-4422 |
| --- |
| (Related Case No.: 1:17-cr00106-CCB-6) |

## PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

**Introduction:**

Petitioner, Marcus R. Taylor seeks a rehearing and rehearing en banc from the decision this Court, dated March 10, 2023, affirming his restitution. Mr. Taylor, maintains his innocence, just as he had asserted during his sentencing hearing. And the supporting evidence that would prove his innocence has been continuously withheld or suppressed by the well-resourceful federal prosecutors. Nevertheless, being that Court-Appointed attorney(s) have written any motion(s) or brief(s), without including Taylor's reliable input, Taylor's stance of innocence falls upon deaf ears. Mr. Taylor makes the following five opposition points:

The first point of opposition is that jail calls between Stevenson and Ms. Holloways implicate Stevenson in drug trafficking, and this evidence was not disclosed to Taylor by Federal prosecutors.

The second point of opposition is that Taylor and Hersl did not plead guilty and did not agree to pay restitution, unlike other cooperating codefendants or codefendants who did not cooperate.

The third point of opposition is that according to the United States Supreme Court and this Fourth Circuit Court of Appeals, has ruled that attempted or conspiracy Hobbs Act is not a crime of violence.

The Fourth point of opposition is that neither Whiting nor Stevenson suffered any injury or pecuniary loss to property that is illegal, such as a large amount of drugs or dug proceeds that is associated with drug trafficking, and therefore, neither Whiting nor Stevenson cannot obtain restitution.

RECEIVED

2023 APR 14  PM 2:23

U.S. COURT OF APPEALS
FOURTH CIRCUIT

The fifth and final point of opposition is that the court cannot add or subtract from a federal statute or law, and the Mandatory Victim Act is silent on the recovery of drug proceeds or illegal property.

This case presents more than a few errors and Constitutional violations which occurred, that affects Taylor's restitution. In this petition, Taylor will present the facts of this case, highlight the issues that were overlooked, and explain why this case merits a rehearing and rehearing en banc.

**Statement of Facts:**

Mr. Taylor was arrested on March 1, 2017, and soon after, Federal and Baltimore City Prosecutors immediately began overturning convictions based on the alleged charges that Taylor faced, which he had yet to go to trial for. It has since come to light that a Federal Prosecutor (Peter Martinez) out of the Baltimore United States Attorney's Office, had advised the Fourth Circuit Court of Appeals (KEYON PAYLOR CASE) that federal prosecutors (Leo Wise and Derek Hines) involved in the investigation and conviction(s) of the members who were assigned to the Baltimore Police Gun Trace Task Force (GTTF) had manipulated the facts, withheld evidence, and presented false evidence to the Grand Jury who ultimately brought forth indictment(s) against Mr. Taylor and Trial codefendant Daniel Hersl.

The Court should consider the United States Supreme Court and Fourth Circuit Court of Appeals case law involving prosecutorial misconduct of presenting false evidence to the Grand Jury, withholding evidence, and presenting false evidence in a Federal trial, as this relates to the restitution order.

Mr. Taylor poses a question to the Court, is it valid to violate his Constitutional and Due Process Rights because Taylor was a Baltimore Police Detective facing Federal Charges?

## I.    A MATERIAL FACTUAL OR LEGAL MATTER WAS OVERLOOKED.

### a.  Shawn Whiting (January 24, 2014)

Contrary to the Court's opinion, Shawn Whiting search warrant arrest occurred on January 24, 2014, not on January 24, 2015. The facts of this incident will show that Mr. Taylor was assigned to the Specialized Enforcement Section, Tri-District unit and had not been working with former Sergeant Wayne Jenkins, nor was assigned to the Gun Trace Task Force.

Overlooked by the respected Court in their decision affirming restitution, would be that Whiting had filed a complaint with Baltimore City Police Internal Affairs Division on or about May 8, 2014, within such complaint, Whiting had only complained that money was missing, upon receiving a forfeiture notice. Nothing in this complaint states or even infers that additional drugs were missing. Ultimately, the Baltimore City Police Internal Affairs Division rendered a not sustained finding against Taylor and other Baltimore City Police Detectives involved in the search warrant, on or about November 3, 2014. Mr. Whiting had also pled guilty for charges stemming from the search warrant arrest, that revealed that he was heavily involved in drug trafficking.

Mr. Whiting, like Oreese Stevenson were both granted immunity by federal prosecutors in exchange for their testimony in Taylor's trial. Within Whiting's testimony (January 25, 2018), he testified that he actually obtained 4.5 kilograms of suspected heroin, but was only charged for 3 kilograms. Seized from Whiting's dwelling during the search warrant was approximately 3651 gram or calculated as approximately 3.7 kilograms of suspected heroin, body armor, tally sheets, firearms, a kilogram press, a bill counter, drug paraphernalia… Including a sealed bag of United States Currency, which Taylor located in a dwelling full of Detectives and immediately provided the sealed bag to Baltimore City Police Department DEA Task Force Officer K. Sokolowski for forfeiture.

What was willfully and knowingly withheld by federal prosecutors and Mr. Whiting was that during a trash-pull conducted outside of Mr. Whiting's dwelling on the morning of January 24, 2014, discarded trash was recovered and detectives located approximately 2 kilogram wrappers and other drug related items, which was also incorporated within the search warrants probable cause. And was consistent or identical to the additional kilograms located later in the day during the search warrant.

The evidence that was deliberately withheld by federal prosecutors, comes in a form of a self-authenticated Baltimore Police Department, time stamped email, dated January 24, 2014, 8:03 AM and encompasses a photo attachment.

Why the aforementioned facts worth mentioning, this Court are may be wondering? Well, to answer such question, Mr. Taylor points to the fact that Federal Investigator Baltimore City Police Department FBI Task Force Officer Sergeant John Sieracki III, scoured through the reports relating to the Whiting incident and checked out evidence from the Baltimore City Police Evidence Control Unit relating to Whiting for use by federal prosecutors at Taylor's trial. However, prosecutors in this case never disclosed to Taylor this evidence which was within the custody and control of the Federal prosecutors and investigators. (Sergeant John Sieracki III, IID Sequence Number E946, returning evidence from court, dated February 15, 2018, 1:51PM)

Therefore, the aforementioned material would completely undermines both Mr. Whiting's and federal prosecutors claim that 1.5 kilograms were missing and possibly any other evidence presented against Taylor. Wherefore, federal prosecutors misled this Court and these facts were not considered.

**b.  Oreese Stevenson (March  22, 2016)**

During this time, 26 months later, Taylor had been re-assigned to former Sergeant Wayne Jenkins, Specialized Enforcement Section, West Side 4 (WS-4). He had been assigned to this squad on or about October 5, 2015 and Taylor had not been reassigned to the Gun Trace Task Force until about June 13, 2016.

On March 22, 2016, Mr. Stevenson and his passenger Demetrius Brown were arrested, when detectives interrupted a drug transaction, while Stevenson and Brown were sitting inside Stevenson's parked van on Jonquil Avenue, located in the northwestern part of Baltimore City. Within Stevenson vehicle, detectives discovered approximately half-a-kilogram of suspected cocaine and Mr. Brown was in possession of book bag containing United States Currency. All property was seized and submitted to Baltimore Police Department by Former Detective Evodio Hendrix.

Although, Brown did not testify at Taylor's trial, Stevenson however did. Stevenson, like Whiting, testified (January 31, 2018) under an immunity agreement. Stevenson had proclaimed during his testimony that he did not cooperate with detectives on March 22, 2016, didn't lie about his address, and did not provide his drug supplier. Specifically, from Stevenson own admission, he stated that he answered questions about 1800 block of Presstman Street, but Heathfield Avenue was not discussed. He further testified that he had provided the address on his licenses, which was Presstman Street. Moreover, from Stevenson's own words "My phone got a lock, I got a fingerprint lock." (Doc. 468, Page 49-52)

In actuality, what this Court overlooked due to federal prosecutors misleading the Court and withholding evidence from Taylor, was that Stevenson had an Verizon black Samsung flip phone (Serial Number : SMB311VZPP) which he utilized on March 22, 2016 to contact his drug supplier while speaking with former Sergeant Jenkins and former Detective Hendrix within his van. This Court will be shocked to learn that the aforementioned material phone has no lock feature consisting of a "Fingerprint lock". Withheld by federal prosecutors was that Taylor had submitted (Baltimore Police Property Number: 16025198) this phone on or about July 25, 2016, to the Baltimore Police Department.

Furthermore, Stevenson testified that he knew he had a large amount of cocaine and money at his house, but didn't know about the firearms. What is notable is that Heathfield was not discussed by Stevenson's own account, and that 1800 block of Presstman Street was discussed, which was on his license, he knew about the money and drugs within his house, one can observe that he lied to detectives and the Court about his address because he did not live on Presstman, but 8 wrapped kilograms, money counter, trashbag containing empty kilogram wrappers...were located during the search warrant on Heathfield. Proving that Stevenson was heavily involved in drug trafficking activities.

Yet, this Court must also take into consideration that Stevenson was unemployed at the time of this incident, and this could be proven per his wife or child's mother Keona Holloway

testimony. The facts do not cease there, being that there are also several videos recorded by Taylor, via his IPhone cell phone, which supports Taylor's stance. In such videos, Keona Holloway states it would be implausible that Stevenson obtaining any large sums of currency in the Heathfield dwelling based upon his unemployment.

There are three jail calls that were withheld by federal prosecutors, which captures both Stevenson and Holloway's detailed knowledge of the guns, drugs, and drug proceeds located during the search warrant at their home, are exculpatory and should had been provide to Mr. Taylor for his use in his defense. The fact that these calls were not provided to Mr. Taylor is a violation to his Constitutional Rights.

Furthermore, there are material facts that investigator's, such as Baltimore Police Department Task Force Officer John Sieracki III, deliberately withheld and allowed for cooperating witnesses under immunity agreements to lie and distorted material facts that would prove that Taylor is innocent and has done nothing illegal and should not have to pay restitution. This is a clear violation of Due Process and undermines the integrity of the justice system.

Therefore, I respectfully request that the Court consider the precedents established in United States v. Humphries, and other Supreme Court Precedents and recognize that the knowledge of some who are part of the investigative team is imputed to prosecutors. Additionally, I urge the Court to investigate the actions of investigators and prosecutors in this case and ensure Taylor's Due Process is upheld.

Again, Federal prosecutors repeatedly misled and purposely withheld the aforementioned material facts which they had unlimited access to being that they had the Baltimore Police Department's Internal Affairs Task Force Detectives at their disposal. Please also keep in mind that Mr. Taylor has been incarcerated since March 1, 2017 and his trial has since been concluded since June of 2018, yet a discovery agreement between Court-Appointed Counsel and Federal Prosecutors, forecloses Taylor from even obtaining or inspecting any discovery material. Per

Taylor's docket sheet it can be clearly seen that he has unceasingly requested his discovery prior to this trial, via motions and letters to the Court and Court appointed counsel, all to no avail.

## II.    A CHANGE IN THE LAW OCCURRED AFTER SUBMISSION OF THE CASE AND WAS OVERLOOKED.

Mr. Taylor does not believe nor well-informed of any changes in the law that occurred after the submission of this case.

## III.    THE OPINION CONFLICTS WITH A DECISION OF THE U.S. SUPREME COURT, THIS COURT, OR ANOTHER COURT OF APPEALS, AND THE CONFLICT WAS NOT ADDRESSED.

Federal {21 U.S.C. 853} and Maryland {Crim. Pro. Art. 21-102} forfeiture laws allow law enforcement agencies to seize property that is believed to have been involved or derived from criminal activity. This can include money, drugs, firearms, and other assets or even property. Both Whiting and Stevenson's items were seized during a search warrant, although Whiting pled guilty, Stevenson was not convicted, and they both had an opportunity to get their property back through a process called "Remission and Mitigation", but were required to prove that property was not involved in criminal activity , this they did not do.

As well, Federal law prohibits Shawn Whiting (January 24, 2014) and Oreese Stevenson (March 22, 2016) from receiving drug proceeds in restitution orders since the funds were obtained illegally. The Comprehensive Crime Control Act of 1984 provides that property obtained as a result of a federal criminal offense, including drug offenses, may be subjected to forfeiture. This means that if the Court finds that the proceeds were obtained through drug-trafficking , the proceeds may be forfeited and not returned to the either Mr. Stevenson or Mr. Whiting.

Being that large quantities of  drugs, firearms and U.S. Currency were seized from their homes, pursuant to a search warrant it is clear that property were proceeds of criminal activity and

to obtain anything back it must be proven otherwise that property were not related to any criminal activity, neither Whiting, Stevenson, nor federal prosecutors proved otherwise.

As stated previously, under federal law drug suppliers cannot claim that drug proceeds or ill-gotten gains are their property. The United States Supreme Court has made it clear in multiple cases that property used to facilitate drug offenses is not considered legitimately acquired. One of these cases is Caplin &Drysdale, Chartered v. United States, 491 U.S. 617 (1989).

Furthermore, federal prosecutor or alleged victims must prove with documentation that the funds taken were legitimately obtained, beyond just stating such claims. The Supreme Court has reiterated this principle in cases such as United States v. Ursery, 518 U.S. 267 (1996), emphasizing the governments burden of proof in demonstrating the connection between the funds taking and the underlying crime.

This very own United States Fourth Circuit Court of Appeals has also issued multiple decisions supporting this argument. In United States v. Savoie, 985 F.2d 612(4th Cir. 1993) the Court held that drug proceeds could not be considered as "property" that could be legitimately acquired by the defendant. The Court also emphasized the governments burden of proof in demonstrating the connection between the funds taken and underlying crime in United States v. Sloman, 909 F.2d 176 (4th Cir. 1990).

These cases emphasize the importance due process and the government's burden of proof in demonstrating that the funds they seek to have returned to Whiting and Stevenson are not a direct result of the crime and not through legitimate business and are drug trafficking activities. By shifting the burden of proof upon Mr. Taylor to demonstrate otherwise, the Government would be violating his Constitutional and Due Process Rights. The burden of proof falls upon federal prosecutors, not Mr. Taylor. The Fourth Circuit Court of Appeals case that support the notion that the knowledge of some who are part of the investigative team is imputed to prosecutors is United States v. Humphries, 636 F.3d. 221 (4th Cir. 2011). This case establishes that, even if prosecutors

themselves were not aware of certain information, if the information was known by member of the investigative team, it is imputed to the prosecution.

The MVRA authorizes restitution for the actual losses suffered by the victim as a result of the crime, but it does not explicitly allow for the recovery of drug proceeds or other illegal gains resulting from drug trafficking. Secondly, the alleged victims in this case cannot demonstrate that the ill-gotten gains they seek to recover were directly taken from them or that they suffered any tangible harm as a result. Whiting and Stevenson claim for restitution must be based on actual losses suffered, such as medical expenses, property damage, or lost income, but the return of drug proceeds would represent a windfall and is not authorized under the MVRA.

Lastly, returning the drug proceeds to Whiting and Stevenson would constitute a violation of the Fifth Amendment of the United States Constitution, which provides that no person shall be deprived of property without Due Process of law. In this case, returning the drug proceeds to the alleged victims would deprive Mr. Taylor of having an opportunity to contest the validity of the Whiting's and Stevenson's claim to the funds.

Therefore, based on the above issues, I respectfully request that the Court deny Whiting and Stevenson the return of the ill-gotten gains, as it is not authorized under the MVRA and would constitute a violation of Mr. Taylor constitutional rights.

## IV.     THE CASE INVOLVES ONE OR MORE QUESTIONS OF EXCEPTIONAL IMPORTANCE.

The federal government provision of immunity to Whiting and Stevenson does not permit aforesaid witnesses to testify falsely. In addition, Federal prosecutors had a duty to disclose exculpatory evidence to Taylor, including evidence that undermines the credibility of their own witnesses. *No one is above the law, not even federal prosecutors*. This failure resulted in a violation to Taylor's Due Process rights. There is a big issue regarding the presentation of false testimony to a Federal Grand Jury in this case, which should not be taken lightly. Mr. Taylor

moves this respected Court to address the repeated prosecutorial misconduct, Constitutional and Due Process violations that have occurred against Mr. Taylor. In support of this petition, the following exceptional questions are presented:

1) Did Federal prosecutors fulfill their obligation to provide all exculpatory evidence to Taylor, and if not, what are the consequences for their failure to do so?

2) Is it necessary for federal prosecutors, including Whiting and Stevenson, to provide evidence demonstrating that any seized, lost, property or alleged stolen money were obtained legitimately, and if so, how can this be done fairly and objectively, being that Mr. Taylor exercised his right to trial?

3) Would shifting the burden of proof to the defendant in this case violate, Taylor Due process rights or Constitutional rights, and is there any legal precedent or case law that supports such shift of burden upon Taylor?

4) What steps can be taken to address and prevent repeated prosecutorial misconduct in this case and others like it, and how does such misconduct impact the integrity of the criminal justice system and the protection of Taylor's rights?

Wherefore, Mr. Taylor, pro se, moves this Honorable Court to liberally construe this petition and requests that this Court accepts the material facts laid out within this petition and address these exceptional question and take appropriate action to ensure that federal prosecutors comply with its obligation and that Taylor rights are protected.

Therefore, this Honorable Court should not allow Mr. Taylor, who maintains his innocence, to pay back Whiting and Stevenson approximately $228,304.00, and lastly Taylor's PSR is silent of such.

## VERIFICATION

I, Marcus Roosevelt Taylor, Pro se, declare under penalty of perjury that the foregoing is true and correct.

Marcus Roosevelt Taylor.
Pro se.

## CERTIFICATE OF SERVICE

I certify that this instant Petition was placed in the prisons internal mail system, postage prepaid for service upon this Court via U.S. Mail on this 7th Day of April, 2023:

> Attn: Clerk's Office, U.S. Court of Appeals for the Fourth Circuit
> 1100 E. Main Street, Suite 501
> Richmond, Virginia 23219

I respectfully request that the Court's Clerk serve all other interested parties by electronic notice and serve me with a stamped and filed copy of this instant Petition. This petition is in compliance with (FRAP 35 & 40, Loc. R. 40) and contains approximately 3337 words and consist of 11 pages.

Marcus Roosevelt Taylor

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee

V.

Marcus Roosevelt Taylor,
Defendant- Appellant, Pro se

| |
|---|
| Case No.: 19-7246 (L); 21-4422 |
| (Related Case No.: 1:17-cr00106-CCB-6) |

**EXHIBITS IN SUPPORT FOR**
**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC**

Petitioner, Marcus R. Taylor provides the attached exhibits in support for his petition for rehearing and

rehearing en banc from the decision this Court, dated March 10, 2023, affirming his restitution:

Exhibit __A__    "Who Speaks for you" By Prosecutor Leo Wise    Pages __1__ of __1__

Exhibit __B__    Shawn Whiting's, Incident Report #147A09864    Pages __1__ of __3__

Exhibit __C__    Time-stamped Baltimore Police Email, dated Jan. 24, 2014    Pages __1__ of __2__

Exhibit __D__    Demetrius Brown's, Property Receipt #16010132    Pages __1__ of __1__

Exhibit __E__    Referenced Oreese Stevenson's trial testimony    Pages __1__ of __2__

Exhibit __F__    Oreese Stevenson's, property Receipt #16025198    Pages __1__ of __1__

Exhibit __G__    Photo of flip phone, Oreese Stevenson    Pages __1__ of __1__

Exhibit __H__    Court-Appointed trial Counsel. Nieto, Brown + Nieto Photo/filing    Pages __1__ of __2__

Exhibit __I__    Oreese Stevenson's, Incident Report #4-160309138    Pages __1__ of __1__

Exhibit __J__    Dept of Public Safety, Certification of specified Jail Calls Made by Oreese Stevenson 2016.    Pages __1__ of __2__

**VERIFICATION**

I, Marcus Roosevelt Taylor, Pro se, declare under penalty of perjury that the foregoing is true and

correct.

_Marcus Taylor_
Marcus Roosevelt Taylor.
Pro se.

## CERTIFICATE OF SERVICE

I certify that this instant Petition was placed in the prisons internal mail system, postage prepaid for service upon this Court via U.S. Mail on this 7th Day of April, 2023:

Attn: Clerk's Office, U.S. Court of Appeals for the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, Virginia 23219

I respectfully request that the Court's Clerk serve all other interested parties by electronic notice and serve me with a stamped and filed copy of this instant Petition.

Marcus Roosevelt Taylor



Exhibit A

Leo Wise

**Who Speaks for You?: The Inside Story of the Prosecutor Who Took Down Baltimore's Most Crooked Cops**



| Kindle | Hardcover |
|---|---|
| **$26.55** | **$27.95** |

Shop all formats



Exhibit B

**INCIDENT REPORT**
Form 04/008
1160-26-58

## POLICE DEPARTMENT
## BALTIMORE, MARYLAND

☐ Person    ☐ Property    ☐ Vehicle    ☒ Miscellaneous

☐ Domestic Related    ☐ Gang Related    ☐ Juvenile Related    ☐ Hate Crime

| Field | Value |
|---|---|
| 1 Crime / Incident | Execution of Search & Seizure Warrant |
| Attempt | |
| 2 Complaint Number | 147A-08884 |
| 3 Location of Offense / Incident (Exact Street Address) | 940 N Gilmore Street |
| Page | 1 of 5 |
| 4 Date / Time Occurred | 1/24/14 1200 hrs |
| 5 Date / Time Reported | sa 4 |
| 6 Unit | 4982 |
| 7 Post of Occurrence | 715 |
| 8 Reporting Area | |
| 9 Street Code | |
| 10 CAD Number | |
| 11 Crime Given by Dispatcher | on view |
| 12 Companion Report No. | |
| 13 Case Status | ☐ Open ☒ Closed |
| 14 Case Disposition | ☐ Cleared ☒ Not Cleared |
| 15 Follow-up | ☒ Yes ☐ No |
| 16 Crime Code | 97 |
| 17 Crime Classification | |
| 18 Describe Location of Offense or Type of Premise | occupied dwelling |
| 19 Reported by Crime Watcher | ☐ Yes ☒ No |

| 20 Complainant / Victim | Name (Last, First, MI), or Firm Name if Business | Detective Maurice Ward Jr | Residence / Address (Include City, County, State, Zip) 601 E Fayette Street | Sex M | Race B | Age | DOB |
|---|---|---|---|---|---|---|---|
| Where Employed or School Attending (Include City Located) Baltimore City Police Department | Occupation Police Detective | Hours of Employment Varies | Residence Phone N/A | Other Phone x2626 | Sobriety |

| 21 Injuries and Location on Body | Victim's Condition | Victim Hospitalized/Facility ☐ Yes ☐ No | 22 Victim / Assailant Relationship Police | 23 Current / Former Cohabitant ☒ Yes ☐ No |
|---|---|---|---|---|

| 24 Reporting Person | Name (Last, First, MI) SAME AS # 20 | Sex | Race | Age | DOB | Address (Include City, County, State, Zip) | Residence Phone | Other Phone |
|---|---|---|---|---|---|---|---|---|

| 25 Witness/Parent/Guardian ☒ | Name (Last, First, MI) | Address (Include City, County, State, Zip) | Residence Phone | Other Phone |
|---|---|---|---|---|

| 26 Suspect ☒ | Name (Last, First, MI) Whiting, Shawn | Address (Include City, County, State, Zip) 940 N Gilmore Street | Sex M | Race B | Age | DOB | Height 5-11 | Weight 275 |
|---|---|---|---|---|---|---|---|---|

| Complexion | Hair Color/Length/Style | Hat | Eyes | Facial Hair | Teeth | Shirt/Coat |
|---|---|---|---|---|---|---|

| Pants | Shoes | Additional Descriptors (Tattoos, Piercings, Scars, Marks, Accent, etc.) | Arrest Number |
|---|---|---|---|

| 27 Trademarks of Suspect(s) (Action / Conversation) | 28 Point of Entry | 29 Location Last Seen | 30 Manner of Escape | 31 Direction of Escape |
|---|---|---|---|---|

| 32 Weapon / Means of Attack | 33 Method Used to Commit Crime | 34 Type of Property Taken | 35 Total Loss Value |
|---|---|---|---|

| 36 Vehicle Information | ☐ Suspect ☐ Victim ☐ Stolen ☐ Towed ☐ Other | Tag Number | State | Expiration | Vehicle Year | Make | Model | Body Style | Color | Mileage |
|---|---|---|---|---|---|---|---|---|---|---|

| Vehicle Identification Number (VIN) | Ignition Locked ☐ Yes ☐ No | Keys in Ignition ☐ Yes ☐ No | Doors Locked ☐ Yes ☐ No | Windows Closed ☐ Yes ☐ No | Radio in Car ☐ Yes ☐ No | Battery in Car ☐ Yes ☐ No | Spare Tire in Car ☐ Yes ☐ No | Trunk Locked ☐ Yes ☐ No |
|---|---|---|---|---|---|---|---|---|

| 37 Registered Owner Name (Last, First, MI) | Sex | Race | Age | DOB | Address (Include City, County, State, Zip) |
|---|---|---|---|---|---|

| 38 Recovered by | 39 Method of Theft | 40 Evidence of Stripping / Tampering | 41 Repo. Check ☐ Yes ☐ No | 42 Tow List Check ☐ Yes ☐ No | 43 Carrier Notified ☐ Yes ☐ No |
|---|---|---|---|---|---|

| 44 Tow Information | Location Towed From | Location Towed To | Towed by | Tow Truck Operator Signature |
|---|---|---|---|---|

| 45 Detective Notified | Sequence No. | Assignment | Unit Number | Date | Time | 46 Medical Examiner Notified | Date | Time |
|---|---|---|---|---|---|---|---|---|

| 47 Crime Lab Technician Name | Unit Number | Time | 48 Hot Desk Person Notified | Time |
|---|---|---|---|---|

| 49 Communications Supervisor Notified ☐ Yes ☐ No | 50 Citywide Broadcast Time ☐ Yes ☐ No | 51 Victim Assistance/Incident Information Form(s) Provided ☐ Yes ☐ No | Explain |
|---|---|---|---|

| 52 Copies Forwarded To | JITTF, NCIC recovered, Narc, Crime Lab, Trace Unit |
|---|---|

Cont'd Sections — Narrative: (1) Continuation of any preceding items. (2) Property Listing, to include property taken and seized/retrieved evidence/property; list property inventory number(s) when applicable. (3) Describe details of incident. Include all steps taken in preliminary investigation. (4) List all additional notifications, including name, agency or assignment, unit number, telephone number, date, time. (5) List all arrests, including Arrest Numbers and charges.

See Page 2

Continued ☒

| 53 Reporting Officer Name (PRINT CLEARLY) Detective Maurice Ward Jr | Sequence No. H456 | Assignment SES | Signature |
|---|---|---|---|
| 54 Approving Supervisor Rank and Name Detective Sgt Ivery | Sequence No. G495 | Assignment SES | Signature |
| 55 RMS Data Entered By | Sequence No./Date TJM 1/28/14 1936 | 56 Reviewed | 57 Referred To |

**REPORT SHOULD BE TYPED OR LEGIBLY PRINTED IN BLACK INK**

SUPPLEMENT REPORT
Form 04/007
1160-25-23

**POLICE DEPARTMENT**
**BALTIMORE, MARYLAND**

☑ Continuation     ☐ Follow Up

| 1 Crime / Incident | Attempt | 2 Complaint Number |
|---|---|---|
| Execution of Search & Seizure Warrant | ☐ | 147A-09684 |

| 3 Location of Offense / Incident (Street Address, Zip) | Page |
|---|---|
| 940 N Gilmore Street | **2** of **5** |

| Person ☐ | Property ☐ | Miscellaneous ☑ | Vehicle ☐ | Missing Person ☐ | Custody ☐ |
|---|---|---|---|---|---|

| 4 Date / Time of This Report | 5 Arrest / Custody Number |
|---|---|
| sa 4 | |

| 12 Offense / Incident Changed From |
|---|

| 6 Unit | 7 Post of Occurrence | 8 Reporting Area | 9 Street Code | 10 CAD Number | 11 Original Report Date / Time | 16 Follow-up | 17 Crime Code | 18 Crime Classification |
|---|---|---|---|---|---|---|---|---|
| 4982 | 715 | | | | sa 4 | ☐ Yes ☐ No | 97 | occupied dwelling |

| 13 Case Status | 14 Multiple Clearance | 15 Case Disposition | Explain |
|---|---|---|---|
| ☐ Open ☑ Closed | ☐ Yes ☑ No | ☐ Cleared ☑ Not Cleared | |

| 19 Complainant / Victim    Name (Last, First, MI), or Firm Name & Business | Residence / Address (Include City, County, State, Zip) | Sex M | Race B | Age | DOB |
|---|---|---|---|---|---|
| Detective Maurice Ward Jr | 601 E Fayette Street | | | | |

20 Copies Forwarded To    *147TF, NCIC recovered, Narc, Crime Lab, Trace Unit*

Cont'd Sections — Narrative: (1) Continuation of any preceding items. (2) Property Listing, to include property taken and seized—include property/property(ies) when applicable. (3) Record all activity and all developments in case (4) List all additional notifications, including name, agency or assignment, cell number, telephone number, date, time. (5) Record all activity and all developments in case enforcement to last report, include issues and serial numbers of all persons arrested. Explain any miscellaneous classification change. (4) List all additional notifications, including name, agency or assignment, cell number, telephone number, date, time. (5) Recommend case status when applicable. (6) If Multiple Clearance, include all affected complaint/case numbers.

**Property Recovered/Submitted**

(1) Heat sealer
(2) Blendar with white powder residue(suspected heroin)
(3) 7 various types of ziplock bags boxes
(4) 2 reynolds wax paper
(5) Vacuum sealer rolls white powder residue(suspected heroin)
(6) Box of bounce dryer sheets
(7) 3 types of measuring cups & spoons
(8) Spoon white powder residue(suspected heroin)
(9) Bicycle lock
(10) 2 Quintne plastic container
(11) White ventilator mask
(12) Cloth bag
(13) 2 Md driver license in name Shawn Whiting
(14) Visa debit card
(15) 2 Tally sheets
(16) Various papers in the name of Shawn whiting
(17) Various papers in name of Rashard Queen
(18) Samsung cell phone
(19) Bill counter
(20) Camoufiage body armor
(21) 2 .40 cal S&W magazine clips
(22) 19 Winchester .40 cal S&W rounds
(23) Ziplock bag
(24) 6 R&P .357 magnum rounds
(25) UZI eagle .40 black handgun (serial# 9631S105)
(26) Magazine
(27) Dan Wesson arms 357 magnum ct 6 black handgun (serial# 281785)
(28) Large black plastic bag cont. white powder substance approx 447grams(suspected heroin)
(29) Large plastic bag cont white powder substance approx 280 grams(suspected heroin)
(30) Large ziplock bag cont white powder substance approx 2871 grams(suspected heroin)
(31) Clear plastic bag cont brown powder substance approx 53 grams(suspected heroin)
(32) 3 large ziplock bag cont white powder residue(suspected heroin)
(33) 5 digital scales cont white powder residue( suspected heroin)

Continued ☐

| Reporting Person's Signature | Date |
|---|---|

21
I affirm and declare that the statements above are true to the best of my knowledge.

| 22 Reporting Officer Name (PRINT CLEARLY) | Sequence No. | Assignment | Signature |
|---|---|---|---|
| Detective Maurice Ward Jr | H456 | SES | |

| 23 Approving Supervisor Rank and Name | Sequence No. | Assignment | Signature |
|---|---|---|---|
| Detective Sgt Ivery | G485 | SES | |

| 24 RMS Data Entered By | Sequence No. | Date | Time | 25 Reviewed | 26 Referred To |
|---|---|---|---|---|---|
| | | | | | |

**REPORT SHOULD BE TYPED OR LEGIBLY PRINTED IN BLACK INK**

Exhibit B

| SUPPLEMENT REPORT<br>Form 04/007<br>1160-24-23 | POLICE DEPARTMENT<br>BALTIMORE, MARYLAND | | 1 Crime / Incident<br>Execution of Search & Seizure Warrant | | 2 Complaint Number<br>147A-08684 | |
|---|---|---|---|---|---|---|
| ☑ Continuation | ☐ Follow Up | | 3 Location of Offense / Incident (Street Address, Zip)<br>940 N Gilmore Street | | Page 3 of 5 | |

| Person ☐ | Property ☐ | Miscellaneous ☑ | Vehicle ☐ | Missing Person ☐ | Custody ☐ | 4 Date / Time of This Report<br>sa 4 | 5 Arrest / Custody Number |
|---|---|---|---|---|---|---|---|

| 6 Unit<br>4982 | 7 Post of Occurrence<br>715 | 8 Reporting Area | 9 Street Code | 10 CAD Number | 11 Original Report Date / Time<br>sa 4 | 12 Offense / Incident Changed From |
|---|---|---|---|---|---|---|

| 13 Case Status<br>☐ Open ☑ Closed | 14 Multiple Clearance<br>☐ Yes ☑ No | 15 Case Disposition<br>☐ Cleared ☑ Not Cleared | Explain | 16 Follow-up<br>☐ Yes ☐ No | 17 Crime Code | 18 Crime Classification<br>occupied dwelling |
|---|---|---|---|---|---|---|

| 19 Complainant /<br>Victim | Name (Last, First, MI), or Firm Name if Business<br>Detective Maurice Ward Jr | Residence / Address (Include City, County, State, Zip)<br>601 E Fayette Street | Sex<br>M | Race<br>B | Age | DOB |
|---|---|---|---|---|---|---|

20 *Offense Suspected* GTF, NCIC recovered Nar., Crime Lab, Grace Whit

Cont'd Sections *Narrative:* (1) Continuation of any preceding items. (2) Property Listing, to include property taken and serial/identical articles/property, list property inventory number(s) where applicable. (3) Record all activity and all developments in case subsequent to last report, include names and arrest numbers of all persons arrested. Explain any crime/incident classification change. (4) List all additional notifications, including cause, agency or assignment, unit number, telephone number, date, time. (5) Recommend case status when applicable. (6) If Multiple Clearance, include all affected complaint/case numbers.

(34) White plastic jar cont brown powder substance(suspected heroin)
(35) Clear plastic jar with white lid cont brown powder substance(suspected heroin)
(36) 10 metal sifters cont. white powder residue(suspected heroin)
(37) Clear plastic blender cont white powder substance(suspected heroin)
(38) Dttr bag cont
(39) white powder substance in brown tape approx 7 grams(suspected heroin)
(40) 20 ton hydraulic press
(41) Unknown large amount of U.S currency seized by TFO K Sokolowki

Raid Team

Affiant: Det Ward
Supervisor: Det Sgt Ivery
Ram: Det Pulliam
Bunker: Det Young
Cover: Det Thomas
Rear: Det Pinto
Hands/Uniform: Sgt Salefski

On January 24, 2014 at approx 1200hrs Detective Ward along with members of the Baltimore city Police Department Special Enforcement Section executed a search and seizure warrant for a dwelling at 940 North Gilmore Street. The warrant was signed by Honorable Judge Lipman of Baltimore City District Court of Maryland. The Warrant was signed on 1/24/2014 and executed on same.

Detective arrived at the location and knocked on the door announcing 'POLICE', after approximately 15 seconds no answer was made and detective observed somebody peeping from the second story window so force was used to gain entrance into the location. Once inside the location the following people where located:

(1) Shawn Whiting M/B dob 11/19/85 located in master bedroom 3rd floor
(2) Shawn Whiting F/B dob 6/25/96 located in 2nd floor front bedroom
(3) Tyriq Prestar M/B dob 6/14/03 located in 2nd floor back bedroom

| | Continued ☐ |
|---|---|
| | Date |

21
I affirm and declare that the statements above are true to the best of my knowledge:        Reporting Person's Signature

| 22 Reporting Officer Name (PRINT CLEARLY)<br>Detective Maurice Ward Jr | Sequence No. Assignment<br>H456    SES | Signature |
|---|---|---|
| 23 Approving Supervisor Rank and Name<br>Detective Sgt Ivery | Sequence No. Assignment<br>G495    SES | Signature |
| 24 RMS Data Entered By | Sequence No. Date    Time | 25 Reviewer | 26 Referred To |

**REPORT SHOULD BE TYPED OR LEGIBLY PRINTED IN BLACK INK**

SUPPLEMENT REPORT
Form 04/007
1180-25-23

**POLICE DEPARTMENT**
**BALTIMORE, MARYLAND**

☑ Continuation        ☐ Follow Up

| 1 Crime / Incident | Attempt | 2 Complaint Number |
| --- | --- | --- |
| Execution of Search & Seizure Warrant | ☐ | 147A-09684 |

| 3 Location of Offense / Incident (Street Address, Zip) | |
| --- | --- |
| 940 N Gilmore Street | Page 4 of 5 |

| Person ☐ | Property ☐ | Miscellaneous ☑ | Vehicle ☐ | Missing Person ☐ | Custody ☐ |
| --- | --- | --- | --- | --- | --- |

| 4 Date / Time of This Report | 5 Arrest / Custody Number |
| --- | --- |
| 88 4 | |

| 6 Unit 4982 | 7 Post of Occurrence 715 | 8 Reporting Area | 9 Street Code | 10 CAD Code | 11 Original Report Date / Time 88 4 | 12 Offense / Incident Changed From |

| 13 Case Status ☐ Open ☑ Closed | 14 Multiple Clearance ☐ Yes ☑ No | 16 Case Disposition ☐ Cleared ☑ Not Cleared | Explain | 16 Follow-up ☐ Yes ☐ No | 17 Crime Code 99 | 18 Crime Classification occupied dwellin |

| 19 Complainant/ Victim | Name (Last, First, MI), or Firm Name if Business Detective Maurice Ward Jr | Residence / Address (Include City, County, State, Zip) 601 E Fayette Street | Sex M | Race B | Age | DOB |

20 Copies Forwarded To: *CITTF, NCIC recovered Narc, Crime Lab, Trace Unit*

Cont'd Sections: Narrative: (1) Continuation of any preceding items. (2) Property Listing, to include property taken and extras/list of evidence/property, list property inventory number(s) when applicable. (3) Record all activity and all developments in case subsequent to last report, include names and serial numbers of all persons arrested. Explain any other/related classification change. (4) List all additional notifications, including name, agency or assignment, unit number, telephone number, data, time. (5) Recommend case status when applicable. (6) If Multiple Clearance, include all affected complaints/case numbers.

Once house was deemed safe all occupants where brought into living room where detective Sgt Ivery read every one their Miranda Rights in which everyone verbally stated, "YES" they understood their Miranda Rights.

K-9 unit 20 and dog Clint did a walk through of the location. K-9 unit 20 dog was drawn to 2nd floor middle bedroom, 3rd floor master bedroom and back bedroom. Detectives began to conduct a systematic search of the dwelling recovering the following items:

2nd floor middle bedroom: (closet)

19 Winchester .40 cal S&W rounds.
2 .40 cal S&W magazine clips,
6 R&P .357 magnum rounds
UZI eagle .40 black handgun (serial# 9631S105)
Magazine
Dan Wesson arms 357 magnum ct 6 black handgun (serial# 281785)
Camouflage body armor
Ziplock bag

All above property was recovered in closet in 2nd floor middle bedroom
3rd floor back bedroom:
3 large ziplock bag cont white powder residues (suspected heroin)
6 digital scales cont white powder residue (suspected heroin)
White plastic jar cont brown powder substance (suspected heroin)
Clear plastic jar with white lid cont brown powder substance (suspected heroin)
10 metal sifters cont. white powder residue (suspected heroin)
Clear plastic blender cont white powder substance (suspected heroin)
Dtir bag cont
White powder substance in brown tape approx 7 grams (suspected heroin)
Heat sealer
Blender with white powder residue (suspected heroin)
7 various types of ziplock bags boxes
2 reynolds wax paper
Vacuum sealer rolls white powder residue (suspected heroin)
Box of bounce dryer sheets
3 types of measuring cups & spoons
Spoon white powder residue (suspected heroin)
Bicycle lock
2 Quinine plastic containers
White ventilator mask
Cloth bag
2 Md driver license in name Shawn Whiting

Continued ☐

21 I affirm and declare that the statements above are true to the best of my knowledge:

Reporting Person's Signature                           Date

| 22 Reporting Officer Name (PRINT CLEARLY) Detective Maurice Ward Jr | Sequence No./Assignment H456 | SES | Signature |
| --- | --- | --- | --- |
| 23 Approving Supervisor Rank and Name Detective Sgt Ivery | Sequence No./Assignment G495 | SES | Signature |

| 24 RMS Data Entered By | Sequence No. | Date | Time | 25 Reviewer | 26 Referred To |
| --- | --- | --- | --- | --- | --- |

**REPORT SHOULD BE TYPED OR LEGIBLY PRINTED IN BLACK INK**

Exhibit
MRT

SUPPLEMENT REPORT
Form 04/007
1180-25-23

POLICE DEPARTMENT
BALTIMORE, MARYLAND

☑ Continuation          ☐ Follow Up

| Person ☐ | Property ☐ | Miscellaneous ☑ | Vehicle ☐ | Missing Person ☐ | Custody ☐ |

| 1 Crime / Incident Execution of Search & Seizure Warrant | Attempt ☐ | 2 Complaint Number 147A-08884 |
| 3 Location of Offense / Incident (Street Address, Zip) 940 N Gilmore Street | | Page 5 of 5 |
| 4 Date / Time of This Report sa 4 | | 5 Arrest / Custody Number |

| 6 Unit 4982 | 7 Post of Occurrence | 8 Reporting Area 715 | 9 Street Code | 10 CAD Number | 11 Original Report Date / Time sa 4 | 12 Offense / Incident Changed From |

| 13 Case Status ☐ Open ☑ Closed | 14 Multiple Clearance ☐ Yes ☑ No | 15 Case Disposition ☐ Cleared ☑ Not Cleared | Explain | | 16 Follow-up ☐ Yes ☐ No | 17 Crime Code 97 | 18 Crime Classification occupied dwellin |

| 19 Complainant / Victim Name (Last, First, MI), or Firm Name if Business Detective Maurice Ward Jr | Residence / Address (Include City, County, State, Zip) 601 E Fayette Street | Sex M | Race B | Age | DOB |

20 Cross Forwarded To: CFTIF, NCIC recovered, Narc, Crime Lab, Trace Unit

Cont'd Sections: Narrative: (1) Continuation of any preceding items. (2) Property Listing, to include property taken and extra (Credited evidence/property, list property inventory number(s) when applicable. (3) Record all activity and all developments in case references to last report. Include names and arrest numbers of all persons arrested. Explain any crime/incident classification change. (4) List all additional notifications, including name, agency or assignment, unit number, telephone number, date, time. (5) Recommend case status when applicable. (6) If Multiple Clearance, include all attached complete/clearance numbers.

Large black plastic bag cont. white powder substance approx 447 grams (suspected heroin)
Large plastic bag cont white powder substance approx 280 grams (suspected heroin)
Large ziplock bag cont white powder substance approx 2871 grams (suspected heroin)
Clear plastic bag cont brown powder substance approx 53 grams (suspected heroin)
All above property was located in 3rd floor back bedroom a bag in which it was sitting in a box on floor in corner except large ziplock bag cont white powder substance approx 2871 grams in weight was recovered in hamper in bedroom.

3rd floor master bedroom on bed

2 Tally sheets
Various papers in the name of Shawn whiting
Samsung cell phone
Bill counter
Large Sum of Us Currency seized (total amount unknown)
        All above property located in 3rd floor master bedroom was on bed.

Basement

20 ton hydraulic press (orange in color)

All property recovered was recovered by Detectives Taylor and Detective Pinto and submitted to Baltimore City Police Department Evidence Control Unit.
An undetermined amount of us currency was seized by TFO K. Sokolowski responded and took custody for federal forfeiture. All bedroom where unlocked and everyone in house has access to get to any room at anytime they want with a key or any other such items. While walking upstairs detective could hear Shawn Whiting walking around and doing a lot of movement before detective got to his bedroom.
1991 and 1996 Shawn Whiting was convicted of cds poss w/intent and is prohibited to posses a firearm.

After having his miranda right given Mr Shawn Whiting stated to Det Taylor the reason he had handguns in his house was for protection, because the police take to long to come and he needs to protect his kids. A copy of Search and seizure warrant (sealing order) was left at the location. Numerous photo where taken of the location.

All property recovered was submitted by detectives Taylor and detective Pinto. All events occurred in Baltimore city, state of Maryland.

| | Continued ☐ |

21
I affirm and declare that the statements above are true to the best of my knowledge:

Reporting Person's Signature          Date

| 22 Reporting Officer Name (PRINT CLEARLY) Detective Maurice Ward Jr | Sequence No. H456 | Assignment SES | Signature |
| 23 Approving Supervisor Rank and Name Detective Sgt Ivery | Sequence No. G495 | Assignment SES | Signature |
| 24 RMS Data Entered By | Sequence No. | Date | Time | 25 Reviewer | 26 Referred To |

REPORT SHOULD BE TYPED OR LEGIBLY PRINTED IN BLACK INK

Exhibit C
MRT

Date: Fri, Jan 24, 2014, 8:03 AM
Subject: Pic
To: marcus.taylor@baltimorepolice.org
<marcus.taylor@baltimorepolice.org>

Sent from my iPhone



photo.JPG 

| PROPERTY RECEIPT FORM 93 / 56 | POLICE DEPARTMENT Baltimore, Maryland | CC # 6160308944 | | AC # 16010132 |
|---|---|---|---|---|
| Type of Case CDS | | Date Received 3-22-16 | | Page 1 of 1 |

Responsible District, Division, Section / Unit — EU

| Responsible Officer HENDRIX E | Rank DET | Seq. T09 | Assignment STU |
|---|---|---|---|
| Submitting Officer | Rank DET | Seq. T09 | Assignment STU |

Signature of Responsible Officer — EH    Date Prepared 3-22-16

**IN MISDEMEANOR CASES BOTH SUSPECT AND CLAIMANT MUST BE IDENTIFIED OR EVIDENCE CONTROL SECTION WILL DISPOSE OF PROPERTY AFTER 90 DAYS.**

**Arrestee / Suspect**
Last, First, MI — Brown, Demetrius
D.O.B. ▓▓▓▓   Arrest Date 3-22-16   Type of Case CDS
Street Address — 3711 Sequoia Ave
City, State, ZIP — Balt MD

**Claimant**
Last, First, MI
D.O.B.
Street Address
City, State, ZIP

**Finder**
Last, First, MI
Street Address

Baltimore Police Department

**16010132**

CC#: 6160308944
T/C: CDS
Lab #:     6

Fold Here ......... Fold Here

**Comments** — CAD 2292 / 1520hrs / 3700 Sequoia

| ITEM | QUANT | SERIAL # | DESCRIPTION | STATUS |
|---|---|---|---|---|
| 1 | | | $15,000.00 US Currency | H |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| ECS Member | Date Received | Total Money Received | Total Items |
|---|---|---|---|
| | | | |

RENUNCIATION -- I hereby renounce all claim and title I may have to any property under AC# _____.

Signed: _____
Date: _____
Witness: _____

1160-25-10

Exhibit Duer

| PROPERTY RECEIPT FORM 93 / 56 | POLICE DEPARTMENT Baltimore, Maryland | CC # 6-160308944 | | AC # 1601 0126 |
|---|---|---|---|---|

**Type of Case** CDS

**Date Received** 3-22-16

**Page** (1) of (1)

**Responsible District, Division, Section / Unit** SEU

**Responsible Officer** HENDRIX E

**Rank** DET  **Seq.** TCAT  **Assignment** SEU

**Submitting Officer**

**Rank**  **Seq.**  **Assignment** SEU

**Signature of Responsible Officer** EH

**Date Prepared** 3-22-16

**IN MISDEMEANOR CASES BOTH SUSPECT AND CLAIMANT MUST BE IDENTIFIED OR EVIDENCE CONTROL SECTION WILL DISPOSE OF PROPERTY AFTER 90 DAYS.**

**Arrestee / Suspect**

Last, First, MI  Brown Demetrius
Street Address  5711 Jonquil Ave

**D.O.B.** ▮▮▮▮
**Arrest Date** 3-22-16
**Type of Case** CDS
**City, State, ZIP** Balt MD

**Claimant**

Last, First, MI
Street Address

**D.O.B.**

**Finder**

Last, First, MI
Street Address

**Baltimore Police Department**

# 16010126

Fold Here

**Comments**

CAD 2243
1530hrs
5700 Jonquil

CC#: 6160308944
T/C: CDS
Lab #:

| ITEM | QUANT | SERIAL # | DESCRIPTION | STATUS |
|---|---|---|---|---|
| 1 | 1 | | Army fatigue bookbag cont. personal property | H |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| ECS Member | Date Received 3-22-16 | Total Money Received | Total Items 1 |
|---|---|---|---|

**RENUNCIATION** -- I hereby renounce all claim and title I may have to any property under AC# _____.

Signed: _____
Date: _____
Witness: _____

1160-25-10

1  you know, where I live at.  I told 'em where I live at.

2  Q.  Okay.  And when you told them where you lived at, you

3  didn't give them the Heathfield address; correct?

4  A.  I gave them the address that was on my license.

5  Q.  Okay.  But the Heathfield address was actually where you

6  were living; correct?

7  A.  Right.  Correct.

8  Q.  Okay.  And as you were sitting there, you knew there was a

9  lot of money and drugs and guns in your residence; correct?

10  A.  I knew it was a lot of money in my house, yeah, correct.

11  Q.  Okay.  And drugs; correct?

12  A.  I know it was a lot of money in my house; correct.

13  Q.  Okay.  So you're saying when you're sitting there in the

14  van, you didn't know that there were 10 kilos of cocaine in

15  your house?

16  A.  I ain't say I didn't know.

17  Q.  Okay.  So that's what I'm asking you.  When you're sitting

18  there in the van, you knew there was a large amount of money;

19  correct?

20  A.  Correct.

21  Q.  You knew there was a large amount of cocaine; correct?

22  A.  Okay.  Yeah.

23  Q.  And you knew that there were some guns; correct?

24  A.  No.

25  Q.  You didn't know there were guns in your house?

Exhibit 3 met

1    A.    No.

2    Q.    You didn't tell the officers that there were money, drugs,

3    and guns in the house?

4    A.    No.  He asked me.  They asked me for real.  He asked me

5    was it any drugs and money at 1802, 'cause Heathfield wasn't

6    discussed.

7    Q.    Okay.  Because you lied to them and told them that's not

8    where you lived; right?  You gave them a different address?

9    A.    No.  I gave them the address that was on my license.  I

10   didn't lie to 'em.

11   Q.    Well, but the address on your license was not where you

12   were living; correct?

13   A.    Absolutely.

14   Q.    Pardon me?

15   A.    I say absolutely.

16   Q.    Okay.  And when you were sitting in the van, they were

17   trying to get you to call your drug supplier; correct?

18   A.    No.  How they going to get me to call him?  I'm

19   handcuffed.

20   Q.    They weren't trying to get you to call your drug supplier?

21   They weren't asking you questions about your drug supplier?

22   A.    Yeah, they was asking me questions.  But how they going --

23   how I'm going to call anybody?  I can't call nobody.

24   Q.    Well, were they looking through your phone and trying to

25   get the number?

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

```
 1   A.   My phone got a lock on it.

 2   Q.   Okay.  And you didn't -- you're saying you didn't unlock

 3   it for 'em?

 4   A.   I got a fingerprint lock.

 5   Q.   Okay.  And did you --

 6   A.   That's impossible for me to do it.

 7   Q.   -- unlock the phone for them?

 8   A.   Impossible.  I got handcuffs on.

 9   Q.   Okay.  So they didn't unhandcuff you --

10   A.   No.

11   Q.   -- and unlock --

12   A.   No.  No.  It's impossible.  They ain't going to do that.

13   Q.   So it's your testimony that the officers that were in the

14   van with you did not get information about a phone number for

15   your supplier?

16   A.   No.

17   Q.   And the officers that were in the van with you talking to

18   you that day was the officer that was at the passenger side and

19   at the driver's side when they -- when the police first came to

20   the car; correct?

21   A.   Say that -- what you mean?

22   Q.   The officer -- there were two officers in the van with you

23   trying to talk to you?

24   A.   It's only one officer talking to me.  That's Jenkins.

25   Q.   Oh, there was only one officer?
```

Exhibit EMC7

Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter

1   A.   Yeah.

2   Q.   Okay.  So in the van with you trying to talk to you was

3   only Officer -- I'm sorry, Sergeant Jenkins; correct?

4   A.   Yeah.

5   Q.   That's your testimony?

6   A.   Right.

7   Q.   Okay.  And the money that you expected Mr. Brown to have

8   was $21,500; correct?

9   A.   Right.  Correct.

10  Q.   But you yourself don't have personal knowledge of --

11  A.   I didn't see the money, no.

12  Q.   Right.  So you don't actually know how much money he had

13  in the bag that day 'cause you didn't see it; right?

14  A.   I didn't see it, no.

15  Q.   Okay.  And when . . .

16       MS. WICKS:  Court's indulgence.

17  BY MS. WICKS:

18  Q.   Now, while you were sitting there in the car, your

19  attention was on the two officers that were speaking to you and

20  the passenger; correct?

21  A.   Right; the one officer that was speaking to me and the

22  passenger.

23  Q.   Okay.  And I believe your testimony was that --

24  A.   I mean on -- on the driver's side.

25  Q.   I'm sorry?

PROPERTY RECEIPT
FORM 93 / 56

POLICE DEPARTMENT
Baltimore, Maryland

CC # 6-1603-08944    AC # 16025198

Type of Case: CDS violation

Date Received: 7-25-16    Page 1 of 1

Responsible District, Division, Section / Unit: OIS

Responsible Officer:

Submitting Officer: Taylor    Rank: Det.    Seq. 7-225    Assignment: OIS

Signature of Responsible Officer:    Date Prepared: 7-25-16

**IN MISDEMEANOR CASES BOTH SUSPECT AND CLAIMANT MUST BE IDENTIFIED OR EVIDENCE CONTROL SECTION WILL DISPOSE OF PROPERTY AFTER 90 DAYS.**

Last, First, MI: Stevenson, Oreese    D.O.B.    Arrest Date: 3-22-16    Type of Case: CDS
Street Address: 1604 Heathfield Rd.    City, State, ZIP: Balt MD 21239

Last, First, MI:    D.O.B.
Street Address:    City, State, ZIP

**Baltimore Police Department**

# 16025198

B.

State, ZIP

Fold Here

CC#: 6160308944
T/C: CDS
Lab #:

| ITEM | QUANT. | SERIAL # | DESCRIPTION | STATE |
|------|--------|----------|-------------|-------|
| 1 | 1 | SM8311V2PP | Verizon Samsung (black) flip phone | H |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

ECS Member: 26H803    Date Received: 7-25-16    Total Money Received:    Total Items:

**RENUNCIATION** -- I hereby renounce all claim and title I may have to any property under AC# _____

Signed: _____
Date: _____
Witness: _____

1160-25-10

Exhibit F part

MPIA 22 1558 235

1/17/23, 11:41 AM                    SM-B311V (Verizon) Phones - SM-B311VZKPVZW | Samsung US

# SM-B311V (Verizon)

SM-B311VZKPVZW                    3.7 (6)    Share your product experience

♡ Wishlist

**Large Keys, More Fonts, Intuitive Design**

**Long Battery Life for More Talk Time**

## Get Stock Alerts

May we send you an alert when this product is available?

Email

Phone Number (optional)

( NOTIFY ME )

☐ **Let's keep in touch!** Tick the box to receive promotional email and texts (which may be autodialed) from Samsung Electronics America to the number provided above.The Samsung Privacy Policy explains how we use your information. You do not have to consent to receive text messages to receive any product or services from us. Messaging and data rates may apply.

◉ WHERE TO BUY

GET SUPPORT

# What to do if you have lost your Galaxy device

SEE THE ANSWER ❯





Exhibit H MRT

Open in App    🔍 ☰

Restaurants ⌄    Home Services ⌄    More ⌄

Baltimore, MD › Professional Services › Lawyers › Criminal Defense Law › Brown & Nieto Law Office    🔖

# Brown & Nieto Law Office

⭐⭐⭐⭐⭐ 2 Reviews

Criminal Defense Law

**Closed**

ⓘ Unclaimed


Add Review

📞
Call

◈
Directions

⬈
Website

REQUEST A QUOTE

# Request a Consultation

You can now request consultation from this business directly from Yelp

Request a Consultation

PHOTOS




Add Photo

YOU MIGHT ALSO CONSIDER

Sponsored ⓘ

**The Law Offices of Sandra Guzman-Salvado**

 Do you need a Maryland divorce or custody attorney? Perhaps you need more information...

Exhibit H

# Firm Fights to Clear Name of Wrongly Convicted



Brown & Nieto this week filed a federal habeas petition on behalf of Christopher Jones, who was falsely convicted in 2015 by allegedly corrupt Baltimore City Police officer Daniel Hersl. Jones has maintained his innocence since he was first arrested in Baltimore City and charged with drugs and a gun. According to Jones, Officer Hersl planted the evidence against him, and other officers wrote up a false police report. Rather than risk a very long federal prison sentence, Jones did what most people would do under the circumstances: he cut his losses and took a plea deal. As a result, he spent more than three years in prison.

Despite the plea, Jones maintained his innocence from the time when he was first arrested. He told multiple lawyers he was innocent, and he even proclaimed his innocence in a letter to the Federal Judge presiding over his case. As is often the case in situations like this, his lawyers were powerless to help because they had no way of proving the evidence had been planted and the officers were lying.

All of that changed earlier this year when federal Grand Jury issued a massive indictment against several Baltimore City police officers, accusing them of widespread corruption, extortion, robbery and racketeering. One of the officers charged in the indictment: Daniel Hersl.

With the knowledge that the federal government is prosecuting Hersl for corruption, Jones is attempting to get back into court to prove his innocence. His filing is a motion to vacate pursuant to 28 U.S.C. § 2255. The Government has not yet responded to the filing.

The full filing can be read HERE.

‹ Syed's Final Appellate Filing    New Expungement Laws Coming to Mai

 

OUR OFFICES

1 N. Charles St, Suite 30
Baltimore, MD 21201
Phone: 410-244-5444
FAX: 410-534-5298

OUR SERVICES

○ Federal Criminal Defense
○ Maryland Criminal Defense
○ Compassionate Release
○ Drugs

CONTACT US

INCIDENT REPORT
Form 04/008
H160-25-96

**POLICE DEPARTMENT**
**BALTIMORE, MARYLAND**

EXECUTION OF SEARCH AND SEIZURE

1 Crime / Incident

2 Complaint Number
4-160309138

3 Location of Offense / Incident (Exact Street Address)
1604 Heathfield Rd, Baltimore, MD 21239

Page 1 of 2

☐ Person   ☐ Property   ☐ Vehicle   ☐ Miscellaneous

☐ Domestic Related   ☐ Gang Related   ☐ Juvenile Related   ☐ Hate Crime

4 Date / Time Occurred
22 March, 2016 APPROX. 1740 HRS

5 Date / Time Reported

| 6 Unit 4912 | 7 Post of Occurrence 415 | 8 Reporting Area | 9 Street Code | 10 CAD Number 0075 | 11 Location Given by Dispatcher On View | 12 Companion Report No. |

13 Case Status ☐ Open ☒ Closed

14 Case Disposition ☐ Cleared ☒ Not Cleared

15 Follow-up ☐ Yes ☒ No

16 Crime Code

17 Crime Classification

18 Describe Location of Offense or Type of Premise
Dwelling

19 Reported by Crime Watcher ☐ Yes ☐ No

20 Complainant / Victim

Name (Last, First, MI), or Firm Name if Business
Det. Hendrix

Residence / Address (Include City, County, State, Zip)
601 E. Fayette St.

Sex   Race   Age   DOB

Where Employed or School Attending (Include City Located)
Baltimore City Police

Occupation
Police

Hours of Employment

Residence Phone

Other Phone
x2626

Sobriety

21 Injuries and Location on Body

Victim's Condition

Victim Hospitalized ☐ Yes ☐ No

Facility

22 Victim / Assailant Relationship
None

23 Current / Former Cohabitant ☐ Yes ☐ No

24 Reporting Person

Name (Last, First, MI)
S/A 20

Sex   Race   Age   DOB

Address (Include City, County, State, Zip)

Residence Phone

Other Phone

25 Witness Parent/Guardian

Name (Last, First, MI)

Address (Include City, County, State, Zip)

Residence Phone

Other Phone

26 Suspect

Name (Last, First, MI)
Stevenson, Oreese

Address (Include City, County, State, Zip) ████████

Sex   Race   Age   DOB

Height   Weight

Complexion

Hair Color/Length/Style

Hat

Eyes

Facial Hair

Teeth

Shirt/Coat

Pants

Shoes

Additional Descriptors (Tattoos, Piercings, Scars, Marks, Accent, etc.)

Arrest Number

27 Trademarks of Suspect(s) (Action / Conversation)

28 Point of Entry

29 Location Last Seen

30 Manner of Escape

31 Direction of Escape

32 Weapon / Means of Attack

33 Method Used to Commit Crime

34 Type of Property Taken

35 Total Loss Value

36 Vehicle Information   Suspect ☐   Victim ☐   Stolen ☐   Towed ☐   Other ☐

Tag Number

State

Expiration

Vehicle Year Make

Model

Body Style Color

Mileage

Vehicle Identification Number (VIN)

Ignition Locked ☐ Yes ☐ No   Keys in Ignition ☐ Yes ☐ No   Doors Locked ☐ Yes ☐ No   Windows Closed ☐ Yes ☐ No   Radio in Car ☐ Yes ☐ No   Battery in Car ☐ Yes ☐ No   Spare Tire in Car ☐ Yes ☐ No   Trunk Locked ☐ Yes ☐ No

Registered Owner Name (Last, First, MI)

Sex   Race   Age   DOB

Address (Include City, County, State, Zip)

38 Recovered by

39 Method of Theft

40 Evidence of Stripping / Tampering

41 Repo. Check ☐ Yes ☐ No   42 Tow List Check ☐ Yes ☐ No   43 Owner Notified ☐ Yes ☐ No

44 Tow Information

Location Towed From

Location Towed To

Towed by

Tow Truck Operator Signature

45 Detective Notified

Sequence No   Assignment

Unit Number Date

Time

46 Medical Examiner Notified

Date   Time

47 Crime Lab Technician Name

Unit Number

Time

48 Hot Desk Person Notified

Time

49 Communications Supervisor Notified ☐ Yes ☐ No

50 Citywide Broadcast ☐ Yes ☐ No

Time

51 Victim Assistance Contact ☐ Yes ☐ No   Important Information Explain Form(s) Provided

52 Copies Forwarded To

Cont'd Sections

Narrative: (1) Continuation of any preceding items. (2) Property Listing, to include property taken and self-reclaimed/indexed evidence/property, list property inventory number(s) when applicable. (3) Describe details of incident. Include all steps taken in preliminary investigation. (4) List all additional notifications, including name, agency or assignment, unit number, telephone number, date, time. (5) List all arrests, including Arrest Numbers and charges.

CC# 4-160309138 CAD# 0075 occurred in the Northeastern District
This document is a follow-up to CC#6-160308944
Property Recovered/Submitted
Property Found located in the master bedroom:
(Det Taylor)
1. Mail in the name of Oreese Stevenson (Dresser)
Property Found located in the basement storage closet:
1. 8 wrapped kilo-grams of suspected cocaine
2. A money counter

Continued

53 Reporting Officer Name (PRINT CLEARLY)
Det. Hendrix

Sequence No   Assignment
I695   SEU

Signature

Approving Supervisor Rank and Name
Sgt. Jenkins

Sequence No   Assignment
H383   SEU

Signature

65 RMS Data Entered By
ID TV439

Sequence No   Date
S/L

Time
1514

56 Reviewer

57 Referred To

**REPORT SHOULD BE TYPED OR LEGIBLY PRINTED IN BLACK INK**

Exhibit I SWAT

| SUPPLEMENT REPORT<br>Form 04/007<br>1160-26-23 | POLICE DEPARTMENT<br>BALTIMORE, MARYLAND | 1 Crime / Incident<br>EXECUTION OF SEARCH AND SEIZURE | Attempt ☐ | 2 Complaint Number<br>4-160309138 |

☒ Continuation     ☐ Follow Up

| 3 Location of Offense / Incident (Street Address, Zip) | | |
| 1604 Heathfield Rd, Baltimore, MD 21239 | | Page 2 of 2 |

| Person ☐ | Property ☐ | Miscellaneous ☐ | Vehicle ☐ | Missing Person ☐ | Custody ☐ | 4 Date / Time of This Report<br>22 March, 2016 APPROX.1740Hrs | 5 Arrest / Custody Number |

| 6 Unit<br>4912 | 7 Post of Occurrence<br>415 | 8 Reporting Area | 9 Street Code | 10 CAD Number<br>0075 | 11 Original Report Date / Time<br>22 March, 2016 APPROX.1740Hrs | 12 Offense / Incident Changed From |

| 13 Case Status<br>☐ Open ☒ Closed | 14 Multiple Clearance<br>☐ Yes ☒ No | 15 Case Disposition<br>☒ Cleared ☐ Not Cleared | Explain | 16 Follow-up<br>☐ Yes ☐ No | 17 Crime Code | 18 Crime Classification |

| 19 Complainant / Victim | Name (Last, First, MI), or Firm Name if Business<br>Det. Hendrix | Residence / Address (Include City, County, State, Zip)<br>601 E. Fayette St. | Sex | Race | Age | DOB |

| 20 Copies Forwarded To | | |

Cont'd Section: Narrative: (1) Continuation of any preceding Name. (2) Property Listing, to include property taken and seize (submitted evidence/property; list property inventory number(s) when applicable. (3) Record all activity and all developments in case subsequent to first report. Include names and arrest numbers of all persons arrested. Explain any criminal or client classification change. (4) List all additional notifications, including name, agency or assignment, unit number, telephone number, date, time. (5) Recommend case status when applicable. (6) If Multiple Clearance, include all affected complaint case numbers.

3. Trashbag containing empty kilo-gram wrappers
4. 2 clear plastic bags of large amounts of suspected cocaine in igloo container
5. Plastic bag containing a handgun with numerous magazines/ammo
6. 2 black firearms with 3 magazines
7. Large amount of US Currency seized by HIDTA
8. Door keys taken off of Oreese Stevenson's person
All of the above listed property was recovered by Detective Taylor (I725) at scene
Persons located within the dwelling: Not occupied

On 22 March, 2016 a search and seizure warrant was obtained and signed by The Honorable Judge O'Malley of Baltimore City District Court of Maryland for ▓▓▓▓▓▓▓▓. At approx. 2315hours a search and seizure warrant was executed for the location of ▓▓▓▓▓▓▓.
While these Detectives were inside of the dwelling Ms. Kenna Halloway▓▓▓▓▓ arrived at ▓▓▓▓ and stated that she resides at the dwelling. Sgt. Jenkins then advised Ms. Halloway that these Detectives were executing a Search and Seizure warrant on the dwelling. These Detectives then advised that Ms. Halloway was able to stay at the dwelling while we searched and she advised that she would like to stay. At this time Ms. Halloway was read her Miranda VS Arizona rights for protection by Sgt. Jenkins and she advised that she understood them. Ms. Holloway was then asked how she knew Oreese Stevenson and she stated that he was her boyfriend and the father of her child. Ms. Holloway stayed in the dwelling for a while and then wanted to leave the dwelling these Detectives allowed her to do so. At this time an orderly search was conducted of the location recovering all the above listed items.
These Detectives recovered a large sum of US Currency from a safe in the basement storage closet. These Detectives immediately contacted HIDTA Detective Glover (H379) responded to the location and took pictures of the currency sitting in the safe. HIDTA Detective Glover then recovered the currency placing into 2 separate sealed bags SER# M000015863 and M000015864 then submitted to DEA-Loomis by Detective Glover and Detective Taylor.
A search through Maryland State Police of Oreese Steverson revealed that Oreese Stevenson is PROHIBITED from owning/possessing a firearm/ammo due to the following:

1. Manslaughter/handgun use of a crime Circuit Court 9-12-96 Case# 196142026
2. Conspiracy/CDS DIST Circuit Court 12-17-10 Case# 104054049
3. Illegal possession handgun Circuit Court 6-8-10 Case# 104068004

All property recovered was submitted by Det. Hendrix to Baltimore City Police Department Evidence Control Unit.
As a member of the Baltimore city Police Department I have received 40 hours of specialized narcotics training. In my 6 years, I have made and/or participated in numerous arrests and search and seizure warrants resulting in the seizure of the above suspected substances.

Continued ☐

21   I affirm and declare that the statements above are true to the best of my knowledge.

| Reporting Person's Signature | Date |

| 22 Reporting Officer Name (PRINT CLEARLY)<br>Det. Hendrix | Sequence No / Assignment<br>I695 | SEU | Signature |

| 23 Approving Supervisor Rank and Name<br>Sgt. Jenkins | Sequence No / Assignment<br>H363 | SEU | Signature |

| 24 RMS Data Entered By | Sequence No | Date | Time | 25 Reviewer | 26 Referred To |

**REPORT SHOULD BE TYPED OR LEGIBLY PRINTED IN BLACK INK**

# Department of Public Safety and Correctional Services

## Intelligence Division

8520 CORRIDOR ROAD • SUITE H • SAVAGE, MARYLAND 20763 • www.dpscs.state.md.us
GENERAL BUSINESS (410) 724-5720

### Certification of Records

I, _Meredith McGilvrey_ hereby certify that:

1.  I am employed by the Maryland Department of Public Safety and Correctional Services, Intelligence Division (DPSCS ID).
2.  I am an authorized custodian of the records maintained by the DPSCS ID
3.  All requested records have been reviewed and are true and correct certified copies maintained in the normal course of agency business. The attached documents are as follows:

- _Calls made by Inmate Oreese Stevenson (SID_ ▓▓▓ _) to (443)768-8500 on 3/22/16 @ 7:02PM ; 3/23/16 @ 6:21PM ; and 3/28/16 7:19PM_
- _____

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _Meredith McGilvrey_          Date: _8/16/2016_

### Jail Call Subpoena

1: 3/22/16: Call to 443-768-8500 at 7:02 PM

2: 3/23/16: Call to 443-768-8500 at 6:21 PM

3: 3/23/16: Call to 443-768-8500 at 7:19 PM

**MARYLAND DEPARTMENT OF STATE POLICE**

## REQUEST FOR LABORATORY EXAMINATION-
## CHAIN OF CUSTODY LOG

| CRIME LABORATORY FILE # |
| --- |

| AGENCY TELEPHONE #<br>(410) 724-5720 | |
| --- | --- |

| INSTALLATION/AGENCY<br>DPSCS Intelligence Division | CASE #<br>116116017 | PROPERTY HELD # |
| --- | --- | --- |

| SUSPECT<br>Oreese Stevenson SID# 1716294 | VICTIM |
| --- | --- |

| OFFENSE | DATE OF OFFENSE | COUNTY |
| --- | --- | --- |

| TYPE EXAMINATION REQUESTED | EXAMINATION REQUESTED BY |
| --- | --- |

| TRACE EVIDENCE ONLY        ( SEX, RACE,D.O.B OF VICTIM AND/OR SUSPECT – BRIEFLY DESCRIBE LOCATION OF CRIME SCENE AS TO OWNERSHIP AND IMMEDIATE SURROUNDINGS – EXAMPLE – BEDROOM, CAR, WOODS, ETC. ) |
| --- |

**LIST OF ARTICLES**

1. (1) 500 MB CD-R of calls made by Inmate Oreese Stevenson (SID# ▉▉▉▉ ):
   3/22/16 to (443) 768-8500 at 7:02 PM
   3/23/16 to (443) 768-8500 at 6:21 PM
   3/23/16 to (443) 768-8500 at 7:19 PM

THE UNDERSIGNED HEREBY CERTIFIES THAT THE ABOVE LISTED EVIDENCE SUBMITTED IN THIS CASE, WHILE IN CUSTODY, REMAINED AND WAS DELIVERED TO THE PERSON/LOCATION INDICATED ON THE DATE AND TIME STATED IN ESSENTIALLY THE SAME CONDITION AS WHEN RECEIVED, EXCEPT THAT MATERIAL OR PORTION CONSUMED IN THE ANALYSIS AT THE CRIME LABORATORY.

**See Instructions on the Back of Page 5**

| Print and Sign Name or Location | Date | Time | Print and Sign Name or Location | Date | Time |
| --- | --- | --- | --- | --- | --- |
| Original Source: location or person from which evidence was obtained | | | 13. | | |
| 1. Inmate Telephone System (GTL/VTrack) | 8/18/16 | 1000 | 14. | | |
| 2. Meredith McGuire *Meredith McGuire* | 8/18/16 | 1004 | 15. | | |
| 3. William Cole *William Cole* | 3/9/16 | 3 PM | 16. | | |
| 4. | | | 17. | | |
| 5. | | | 18. | | |
| 6. | | | 19. | | |
| 7. | | | 20. | | |
| 8. | | | 21. | | |
| 9. | | | 22. | | |
| 10. | | | 23. | | |
| 11. | | | 24. | | |
| 12. | | | 25. | | |

MSP 67 (8/06)        *Line 2 – First person who takes possession of evidence at original source

## Department of Public Safety and Correctional Services

### Intelligence Division

8520 CORRIDOR ROAD • SUITE H • SAVAGE, MARYLAND 20763 • www.dpscs.state.md.us
GENERAL BUSINESS (410) 724-5720

## Custodian of Records

☐ Melissa Atkinstall
**Lead Intelligence Analyst**
MD DPSCS Intelligence Division
Phone: 410-724-5785
Cell: 443-682-1680
Email: melissa.atkinstall@maryland.gov

☐ Bonnetta Eads
**Phone Monitor**
MD DPSCS Intelligence Division
Phone: 410-724-5780
Cell: 443-829-9529
Email: bonnetta.eads@maryland.gov

☐ Kristen Eustace
**Intelligence Analyst**
MD DPSCS Intelligence Division
Phone: 410-724-5782
Cell: 443-660-6391
Email: kristen.eustace@maryland.gov

☐ Dennis Stankiewicz
**Phone Monitor**
MD DPSCS Intelligence Division
Phone: 410-724-5756
Cell: 703-863-8999
Email: dennis.stankiewicz@maryland.gov

☐ Danielle Isley
**Intelligence Analyst**
MD DPSCS Intelligence Division
Phone: 410-724-5783
Cell: 443-660-6390
Email: danielle.isley@maryland.gov

☒ Meredith McGilvrey
**Admin, Support Services**
MD DPSCS Intelligence Division
Phone: 410-724-5784
Cell: N/A
Email: Meredith.mcgilvrey@maryland.gov

☐ Sean Rosenmerkel
**Intelligence Analyst**
MD DPSCS Intelligence Division
Phone: 410-724-5781
Cell: 443-660-6396
Email: sean.rosenmerkel@maryland.gov

☐ Nicholas Weikel
**Intelligence Analyst**
MD DPSCS Intelligence Division
Phone: 410-724-5770
Cell: 443-660-6392
Email: nweikel@dpscs.state.md.us

Marcus Taylor, #62930-03'
FCC Forrest City, Low
P.O. Box 9000
Forrest City, Arkansas 72336

FEDERAL CORRECTIONAL INSTITUTION MEDIUM

DATE 4-10-23

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING
PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER
OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER
WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR
FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE
FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE
ABOVE ADDRESS.

Attn: Clerk Office
U.S. Court of Appeals
For The Fourth Circuit
1100 E. Main Street, Suite501
Richmond, Virginia 23219



